R. H. MINCEY *et al.* v. C. C. FOSTER *et al.*

(Decided December 22, 1899.)

*Specific Performance of Contract.*

1. Plaintiffs may not demand specific performance of a contract, when they themselves are unable to perform their part of it.

2. If the plaintiffs had made good their title to land, which was defective at the time they covenanted to convey to defendant, upon payment of the agreed price, before suit brought, or even before the decree, a court of equity would have enforced specific performance, provided the delay had not materially altered the situation of the parties.

CIVIL ACTION to enforce the payment for the mineral interest of land, contracted to be conveyed to defendant upon payment of the price agreed, tried before *Starbuck, J.,* at Spring Term, 1899, of MACON Superior Court, upon exception by defendant to the report of referee. The exception was sustained, and judgment rendered in favor of defendant. Plaintiffs appealed.

The exception and judgment appear in the opinion.

*Mr. J. F. Ray,* for appellants.
*Mr. G. S. Ferguson,* for appellee.

DOUGLAS, J.   This is a civil action in which the vendors seek to enforce specific performance of a contract for the sale of certain mineral interests.   It appears that the plaintiffs first contracted to sell to the defendant Foster, at the price of $7,000, several tracts of land with full covenants of warranty, stating, however, in the contract that one 30-acre tract was sold "subject to the mineral rights of H. S. Lucas," and another of equal size subject to the mineral rights of J. H. Mincey.   This agreement was not signed by the defendants or either of them, and appears to have been in the nature of an option.   The defendant Foster declined to take the land. Subsequently, the plaintiffs executed another agreement or option to sell to the said Foster, for the sum of $3,500, all the mineral interests in the several tracts of land mentioned in the first agreement.   This agreement, referred to as Exhibit "C", covenanted to warrant the title, and contained no exceptions or reservations of mineral interests, but referred to the first contract for a description of the land.   It was not signed by Foster, who, however, soon thereafter wrote a letter practically amounting to an acceptance of the option.   Foster refuses to pay, on the ground that the plaintiffs can not give him a good title to the mineral interests, which they agreed to convey.   The judgment of the Court below is as follows:

The Court finds that by the "contract or option" mentioned in the letter, set forth in the third paragraph of the report, the defendant Foster was referring to the contract marked Exhibit "C."   The findings contained in said paragraph as to the "primary consideration" and "real consideration of the promise to pay" are overruled.   The Court finds that Foster in said letter merely promises to send his check for the purpose of making the $500 payment, provided and stipulated for by said contract, Exhibit "C."

The Court is of opinion that the plaintiffs in this suit must

recover, if at all, upon the contract, Exhibit "C," and that the question as to said letter whether it is sufficient as a memorandum under the statute of frauds is to bind defendant Foster to said contract. While the Court is of opinion that the letter is a sufficient memorandum as to the defendant Foster, it is also of opinion that plaintiffs are not entitled to recover, by reason of want of title to so great a portion of the mineral interests in value as found in the sixth paragraph of the report.

All exceptions, except in so far as herein sustained, are overruled.

It is adjudged that the plaintiffs take nothing by their suit; that the defendants go without day, and recover the cost of the plaintiff and sureties on the prosecution bond, except the compensation herein allowed the referee.

We see no error in the judgment. The plaintiffs are in the untenable position of asking for a specific performance when they themselves are unable to comply with their part of the contract. Their contention that Foster accepted the second option with knowledge of their want of title, and is bound thereby because it referred to the former option, can not be maintained. The contract, Exhibit "C," is executory in its nature, and referred to the option, Exhibit "A," for the sole purpose of identifying the land. The plaintiffs agreed in substance to convey to Foster a good and sufficient title to the mineral interests upon the happening of a future contingency, to-wit, the acceptance of the option and the payment of the purchase money. The mere fact that the plaintiffs did not have a good title when the option was given does not necessarily affect the transaction, as both they and the defendants might have contemplated a perfection of the title before the day of payment. If the plaintiffs had made good their title before the bringing of the action, or even before

the decree, a court of equity would have enforced specific performance, provided the delay had not materially altered the situation of the parties.    2 Story Eq. Jur., p. 101, sec. 777; Fetter on Eq., pp. 277, 278; Bishpham's Prin. Eq., sec. 380.    But as they are unable to do so, and the deficiency is relatively so large, we see no equity calling for specific performance.    The judgment is

Affirmed.