## BIRD v. BRADBURN.

### (December 22, 1900.)

1. *Specific Performance—Contract—Question for Jury— Issues—Trial.*

> Where a person alleges that he sold land *in solido* and the defendant contends that it was sold by the acre—there being a deficiency—it is for the jury to say how the land was sold.

2. *Specific Performance—Executory Contract.*

> A person asking for specific performance of an executory contract must show he is able and ready to perform his part of it.

CIVIL ACTION by J. W. Bird against J. F. Bradburn, heard by Judge *T. A. McNeill,* and a jury, at Spring Term, 1900, of JACKSON Superior Court. From judgment for defendant, the plaintiff appealed.

*Walter E. Moore,* and *Chas. A. Moore,* for the plaintiff.
*C. C. Cowan,* for the defendant.

FURCHES, J. On November 7, 1894, the plaintiff and defendant contracted for a sale and purchase of a tract of land in Jackson County, the plaintiff entering into bond to make title when the purchase-money should be paid, and the defendant paying a part of the purchase-money at the date of the contract, and giving five notes for the balance of the purchase-money, each in the amount of $120, and falling due in one, two, three, four, and five years. The bond describes the land sold as "lying in Jackson County, in Quallatown township, known as 'Bower's Cove,' containing 140 acres, more or less, beginning on a black gum at the top of

the ridge dividing the lands of C. A. Bird and said lands,
running a notherly direction, with main top of said ridge,
to J. H. Teague's line; thence, with the top of the ridge and
Teague's line, westwardly to the head of the ridge, dividing
said land with the Mr. Ingle's line; thence southwardly, with
the top of said ridge, to a pine (now down) corner of J. F.
Battle's land; thence a straight line to the beginning." This
action was originally commenced to recover judgment on the
first two notes, which were then due. But the defendant,
answering and setting up fraud in the contract, and also
claiming that in fact there were only 80 acres of land in
the boundary described, which he bought for 140 acres,
claimed that he was entitled to have a reduction in the price
agreed upon, in proportion to the deficiency in quantity of
acres sold; and it was then agreed between the parties that
this action should be considered an action in the nature of
an action for a specific performance of the contract. On
the trial the plaintiff contended that he sold the land as a
whole, *in solido,* and not by the acre; that the defendant pro-
posed to buy it by the acre, and he refused to sell it to him in
that way, and told the defendant that his price was $1,100
for the land, be it much or little, and if defendant did not
want it at that price he need not take it; while the defend-
ant contended that he bought it by the acre, or for the
amount that plaintiff alleged the tract contained, and that
these statements induced him to buy the land at that price,
and that he would not have bought the land at that price but
for the representation of plaintiff that it contained 140 acres;
and both parties offered evidence tending to sustain their con-
tentions. These allegations and denials made the issues that
should have been submitted to the jury; and we do not think
they have been submitted to the jury by direct issues, as we
think would have been best, nor by the charge of the Judge
to the jury.

BIRD *v.* BRADBURN.

This is an executory contract for the sale of land, and the plaintiff is seeking to have it specifically performed. To do this, he must show that he is able and ready to perform his part of the contract. And if he agreed to sell the land by the acre, estimated to be 140 acres, and he is only able to convey to the defendant 80 acres, he is not able to perform his part of the contract, and would not be entitled to a decree for specific performance. Here the defendant does not seek to avoid the contract, but is willing to comply with it, as he says it was made, and only asks that the price agreed upon may be reduced in proportion to the reduction of acres in the tract of land.

The general rule is, that where there is so great deficiency in the amount as here, a loss of 60 acres in 140, the defendant would be entitled to a reduction in the price, provided he bought it for 140 acres, relying on the representations of the plaintiff, whether the plaintiff knew of the deficiency or not; while, on the other hand, if such representations did not induce him to buy the land, that he knew when he bought that it did not contain 140 acres, and took it as a whole whether it contained that amount or not, he would not then be entitled to a reduction in the price agreed upon.

It is alleged by plaintiff that there are peculiarities in the boundary of this land that exclude it from the general rule— the peculiar location and boundaries. These are only evidentiary facts that may be offered for the consideration of the jury in passing upon the issues that will be submitted to them. The jury found there was no fraud. There is error, for which there will be a

New trial.