The answer denied the execution of the contract by C. T. Hayman, and the hearing below related largely to the question whether the signature of C. T. Hayman appearing on the contract was his genuine signature. The court found the signature to be the genuine signature of C. T. Hayman, and entered a decree of specific performance.
* The decree ordered the conveyance of the real estate, the surrender of the notes given by George Campbell to C. T. Hay-man, aggregating eighteen thousand five hundred and fifty and sixty-seven hundredths dollars ($18,550.67); the transfer of one-fourth interest heretofore owned by George Campbell in the Greensburg, Indiana, chair factory, and the transfer of the one-half interest in a certain collection now being prosecuted against parties in Bridgeport, Connecticut.
It was also decreed that T. C. Campbell should comply with all the obligations imposed upon him by said contract and “that the said T. C. Campbell shall agree to prosecute the collection of the said sixty-six thousand six hundred and sixty-six and sixty-six hundredths dollars ($66,666.66) of stock from *218 J. M. Murphy and to use all reasonable skill and diligence in -such collection without any charge other than the necessary disbursements in the prosecution of said cause.”
The decree then provided as follows: •
“And it further appearing that the said Thomas C. Campbell has heretofore máde written demand upon said Elizabeth L. Hayman, executrix, to be permitted to carry out the aforesaid condition upon his part under the said contract to be performed, which demand was refused by the said Elizabeth L. Hayman, executrix, it is hereby ordered, adjudged and decreed that if the said Thomas C. Campbell shall again oifer to perform all the conditions heretofore stated, and such performance of such conditions shall be refused by the said Elizabeth L. Hayman, executrix, then such offer to perform on the part of said T. C. Campbell shall have all the effect and operation as a performance upon his part.”
We have not found it necessary to examine the evidence in the case to determine whether the finding of the trial court that the signature of C. T. Hayman to the contract was his genuine signature, for the reason that we are of the opinion that the case should be reversed on the ground that the contract is not one in which specific performance can be had.
The contract between George Campbell and C. T. Hayman, which is set out in the first part of this contract, creates a trust relation between them, Hayman holding the real estate described as a mortgage to secure money to be advanced by him to. Campbell, and as T. C. Campbell succeeded to the rights of George Campbell, he would have the right upon payment of the money advanced to have the contract specifically performed, and the real estate transferred to him.
But the contract which was specifically enforced by the trial court was not the contract between George Campbell and C. T. Hayman, but another contract which was substituted in its place, and under which many new and different obligations were imposéd upon both parties, and the question before us is whether such substituted contract can be enforced.
There are two propositions in the law governing the specific *219 performance of contracts which are so elementary that they require no citation of authorities to sustain them. These propositions are (1) That a contract for personal services will not be specifically enforced; (2) That there must be a mutuality of right to justify a specific performance.
In the case at bar the contract calls for the personal services of T. C. Campbell in the collection of the sixty-six thousand, six hundred and sixty-six and sixty-six hundredths dollars ($66,666.66) of stock from J. M. Murphy. Neither C. T. Hay-man nor his executrix and heirs could specifically enforce this obligation of the contract against T. C. Campbell and as there must be mutuality of right in order to have specific performance of a contract, T. C. Campbell can not specifically enforce any of the terms of this contract against C. T. Hayman or his executrix or heirs. Whether the rule would be any different if these personal services had already been rendered and the contract in that respect executed is a question not before us and upon which it is therefore not necessary to express an opinion.
It may be contended, however, that the contract may be specifically enforced in part, leaving the parties to work out their rights as to other parts of the contract through actions for damages.
The objection to this course lies in the fact that the contract is an entire contract and not a separate and divisible one. It is impossible to single out one or more of the obligations which the contract imposes upon T. C. Campbell and declare that upon the discharge of these obligations any particular obligation or ' obligations imposed by the contract upon C. T. Hayman shall be performed.
In Ryan v. Mutual Tontine Westminster Chambers Association, 1 Ch. Div., 1893, Lord Esher, M. R., said:
“When the court can not compel specific performance of the contract as a whole, it will not interfere to compel specific performance of part of a contract. That clearly appears to be a rule of chancery practice on the subject.”
The same principle is declared in the opinions of the other judges in that case.
John C. Uealy, Frank F. Dinsmore, for plaintiff in error.
T. G. Campbell, Byron Cien Dening, for defendant in error.
In Baldwin v. Fletcher, 48 Mich., 609, Cooley, J., applied the same principle and used this language:
“To justify any such relief (specific performance) it would be essential that the stipulations in question should clearly and distinctly appear by the contract to stand by themselves, independent of and wholly unaffected by any others; for if the contract is an entirety, it would be pretended that one party could select out .particular provisions for enforcement, while ignoring the remainder, or that he could assign to a third party the right to such partial enforcement. The party insisting upon parts of an entire contract must abide by it in its entirety. ’ ’
As the contract is not one which can be specifically enforced, the decree of the court ordering such enforcement must be reversed.