KUNZIE *v.* NIBBELINK.

1. CONTRACTS—PUBLIC POLICY—ESTATES OF DECEDENTS—PARTITION.

A contract between the heirs of an estate for an amicable settlement and equal division of the estate in order to avoid litigation is not void as against public policy.

2. SAME—ORAL CONTRACTS—FRAUDS, STATUTE OF.

An oral contract among heirs for the amicable division of an estate, including both personalty and realty, in order to avoid the contesting of a will, is not void under the statute of frauds.

3. SAME—CONSIDERATION.

The consideration for an agreement among heirs of an estate for the division of the estate, in order to avoid litigation and trouble, fails where contests of the will are made by some of the heirs.

4. SAME—CONSTRUCTION—INTENT.

A contract must be construed so as to effectuate the intent of the parties when it was made, and, to ascertain the intent of the parties, it should be so construed in the light of the circumstances existing at the time it was made.

5. SAME.

Where several promises are made for an entire consider-

ation, the promises do not become severable, and the party insisting upon parts of an entire contract must abide by it in its entirety.

Error to Kent; Barton, J., presiding. Submitted October 12, 1917. (Docket No. 109.) Decided December 27, 1917.

Assumpsit by Henrietta Kunzie against William Nibbelink on a contract for the division of property devised by will. Judgment for plaintiff. Defendant brings error. Reversed, and no new trial ordered.

*Taggart & Kingston,* for appellant.
*Smedley & Linsey,* for appellee.

STONE, J. This is one of a number of cases commenced by plaintiff to recover moneys under an alleged oral agreement to divide equally the estate of Henry J. Nibbelink, deceased, between 10 of the 11 heirs of deceased to avoid litigation and contest and keep the estate out of court. Plaintiff and defendant are the daughter and son of said deceased.

Henry J. Nibbelink was a resident of Grandville, Kent county, who died on December 12, 1915, leaving four daughters and seven sons, all adults. He left a will, and two codicils. Immediately after the funeral, which took place on December 17, 1915, and on the same day, a meeting of all of the 11 children was had at the home of Mrs. Elizabeth Medema, one of the daughters. It is claimed that at this time the will had not been read, and the children were not acquainted with its terms. It was also claimed by the plaintiff that at this meeting an oral agreement was entered into, by and between 10 of the 11 heirs, to equally divide their shares regardless of the will, so that the estate would be kept out of the courts.

The claim of the plaintiff, as set forth in the declaration, was as follows:

"And whereas on, to wit, the said 17th day of December, 1915, at the meeting held as aforesaid, a contract and agreement was then and there entered into by and between all of the above-named heirs, with the exception of Henry J. Nibbelink, Jr., and it was then and there agreed by, and on the part of all ten heirs of said deceased, in order to avoid litigation and trouble, that whatever part of said estate by reason of said will should come to them, the ten heirs of said deceased, the same would be equally divided by and between them, so that the said plaintiff would receive one-tenth of that portion of said estate, which would come to the ten of said heirs."

It is then alleged that the defendant did then and there promise and agree to pay said plaintiff his share or portion that would be due her from him; that said plaintiff for and in consideration of the agreement to pay her a portion of said estate, as aforesaid, agreed and promised not to contest the probating of said last will and testament, but agreed to allow the same to go to probate, and agreed not to make any contest in court. It is also alleged that the will was probated, and that the plaintiff filed no objection to the same, and made no contest thereof, and carried out in all respects her part of said agreement; but that the defendant, although he had received a part of said estate, and the balance coming to him under the will was about to be paid and distributed to him, and although he had been requested to perform said agreement, had refused to abide by it, to plaintiff's damage, etc.

The plea was the general issue, with notice of certain special matters, among others, that the said alleged agreement was void as in violation of public policy; that the same was also void as in violation of the statute of frauds of the State of Michigan, as it would be an attempt to dispose of property, both real and personal, by oral contract in violation of said statute, and that said estate consisted in a large part of real estate; also, that the contract was without

consideration, or, if the facts set up in the first instance should be held to be anything that in law would be construed as a consideration, then the same has wholly failed; and further that, if there was any contract, it was agreed that the same should be joined in by each and all of the several parties interested in the said estate, to the end that no contest should be made over said will, and such understanding, if any there was, to be based on such mutual agreement entered into, and was to be kept by each and all of the several parties named in said declaration; and, on the assumption and with the understanding that there was no complete agreement, three separate and distinct contests were entered into by three of the several parties, to wit, Dena Dykhuisen, Anna Van Farrowe, and Elizabeth Medema; that the said alleged contract was a joint contract and not a several one; and that any consideration there might have been for the same failed for the reason stated.

Upon the trial of the case there was a sharp conflict in the evidence as to whether the agreement claimed by the plaintiff was ever entered into by the ten children. The plaintiff gave evidence tending to support her claim. Six of the sons, including the defendant, all of whom were present at the said meeting, testified that no agreement was made between the ten children on the occasion. It appears from the testimony that it was stated at the meeting that the deceased in his mind, as expressed by the witnesses, "had been off for a long time," and the plaintiff was permitted to testify that had it not been for such agreement she would have contested the will. It appeared that four of the children filed contests and objections to the probate of the will in the probate court, and that Mrs. Medema, having been defeated in the probate court upon her contest, appealed to the circuit court, where the codicil of October 1, 1915, was set aside and held void.

By the terms of the codicil Mrs. Medema was to receive $5 only, whereas by the terms of the original will she did receive $6,864.40. It appears that the plaintiff did not make any contest. The estate consisted of the following: Mortgages aggregating $7,450. Land contracts aggregating $24,139. Real estate appraised at $9,325. By the terms of the will the other three daughters, including the plaintiff, were given the sum of $5 each, the remainder of the estate being given to the sons and the said daughter Elizabeth Medema.

At the close of the plaintiff's case defendant moved for a directed verdict of no cause of action for the following reasons:

(1) Because there was no binding contract shown by the evidence.

(2) Because any alleged contract would be void under the statute of frauds as involving both real and personal property, and personal property in excess of $50 in value.

(3) Because there was no completed contract shown, but a mere talk pro and con that there should be a contract thereafter between the parties.

(5) Because the contest instituted in itself constituted a repudiation and breach of any alleged agreement if there was one, and barred later suit on said agreement.

(7) Because the consideration of the contract, if there was such a contract, was that the estate should be kept out of the courts, and a filing of a contest or objections to the will by any of the parties to the alleged agreement canceled and rendered the alleged contract void because of failure of consideration.

(10) Because the alleged agreement was a joint agreement by and between all of the parties to it, and a breach by any one party constituted an annulment of the contract.

This motion was overruled by the trial court, and exception duly taken, and evidence was offered and received on behalf of the defendant.

At the close of the evidence, the defendant presented a large number of requests to charge; among others were the following:

"(4) The undisputed evidence shows that the consideration for the alleged contract, if in fact there was such, failed, as the estate was contested in court. * * *

"(5) The undisputed evidence shows that the alleged contract was joint and not several. No suit would lie by plaintiff alone against this defendant, and your verdict must therefore be for the defendant."

"(19) The evidence shows that the consideration, if any, in the alleged contract for the agreement by defendant of his interest in said estate, was that the estate of Henry J. Nibbelink, deceased, should be kept out of court, and any will that he might have left should not be contested; and that such alleged agreement not to contest any such will was the consideration in the promise alleged to have been made by said defendant and the other parties alleged to have been joined in the contract. The undisputed evidence showing that contests were instituted to prevent the probate of the will of Henry J. Nibbelink, deceased, you are therefore instructed that the consideration in such alleged contract failed, and the alleged contract therefore cannot be made the basis of an action. Your verdict must therefore be for defendant, no cause of action."

Other requests to charge invoked the statute of frauds. These requests were all refused, and the case was submitted to the jury, resulting in a verdict and judgment for the plaintiff of $218.65.

The defendant has brought the case here for review, and by appropriate assignments of error the questions raised by said motion and requests to charge are presented.

In our opinion this case should be disposed of upon the ground of the failure of consideration. We recognize and are mindful of the rule of law stated in our opinions, and well expressed in *Conklin* v. *Conklin,*

165 Mich. 571, at page 580 (131 N. W. 154, at page 158), as follows:

"We have no doubt that all of the parties in interest in the estate may dispose of the estate by agreement contrary to the terms of the will, and individual legatees may deal with their legacies as they see fit; and persons having interests in the estate, sufficient to entitle them to contest the will, may make valid agreements to forbear a contest. In fact, the law favors such contracts, when made in good faith."

See, also, *Layer* v. *Layer*, 184 Mich. 663 (151 N. W. 759) ; *Sellers* v. *Perry*, 191 Mich. 619 (158 N. W. 144).

In the light of these authorities, we cannot say that the contract claimed by the plaintiff was void as against public policy, nor do we think that the alleged contract was void under the statute of frauds as claimed by the defendant. Treating the alleged contract as valid in the first instance, we are of the opinion that when it appeared, as it did, by the undisputed testimony, that a contest was made and litigation launched by a number of the heirs and legatees, the consideration for said agreement totally failed.

It is elementary that a contract must be construed so as to effectuate the intent of the parties when it was made; and, to ascertain the intent of the parties, a contract should be construed in the light of the circumstances existing at the time it was made.

All of the witnesses agree that the sole object of the conference was to reach an agreement whereby the will of the deceased should not be contested, and that the estate should be kept out of the courts and litigation avoided. Earlier in the history of the family there had been extended litigation where, as one witness expressed it, "it all went to the lawyers," and it was to avoid litigation and contest that the agreement was made, if it ever was made. Here was a mutual contract made by and between ten of the heirs,

the agreement on the part of the defendant being dependent upon the agreement upon the part of the other nine that there should be no contest and no litigation. This was the consideration for defendant's promise. Where several promises are made for an entire consideration, the promises do not become severable. The party insisting upon parts of an entire contract must abide by it in its entirety. *Baldwin* v. *Fletcher,* 48 Mich. 604 (12 N. W. 873).

Here the consideration was the agreement of each for the agreement of every other that the matter would be kept out of the courts, and, this not being done, the consideration failed. To show that this breach was a substantial one, it is only necessary to refer to the record. By the codicil of October 1, 1915, Mrs. Medema was to have $5. By reason of her successful litigation and contest she got $6,864.40 and was awarded costs out of the estate. This amount was taken out of the fund that was to be the basis of the division.

We agree with the position of counsel for the defendant wherein they say:

"If there was any consideration, it was the agreement of each for the agreement of every other, that the matter would be kept out of the courts, and, this not being done, the consideration, if any, failed. It seems to us that this proposition is too clear for argument, and apparently has been too clear to be the subject of litigation heretofore, for the decisions, so far as we have examined them, are barren of authority upon this point. The consideration, if any there was, at first, failed when the contests were started, and the estate brought into litigation. * * * Any action, which would bring on the litigation sought to be avoided, would be a clear violation of the contract, whether by one or many, and would result in the total failure of the consideration. * * * The breaching of this contract by the brother and three sisters of the plaintiff was, in legal effect, the breach of the contract by plaintiff herself, as to this defendant. It has before been held by this court that he who first commits

a substantial breach of a contract cannot thereafter maintain an action against the other contracting party for failure to perform. *Jones* v. *Berkey*, 181 Mich. 472 (148 N. W. 375)."

The trial court erred in not directing a verdict for the defendant, upon the ground of the failure of the consideration.

The judgment is reversed, with costs to the defendant, and no new trial will be granted.

KUHN, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.