*In re* SPINNER'S ESTATE.

1. WILLS—CONTRACTS—CONSIDERATION.

     Agreement between several legatees to accept certain sums from estate and not to contest will, made for purpose of avoiding litigation, terminated for want of consideration where one party contested will.

2. SAME—EXECUTORS AND ADMINISTRATORS—CLAIM AGAINST ESTATE —COMPROMISE AND SETTLEMENT.

     Whether legatee's claim as creditor of estate was included in said agreement is immaterial where agreement was breached, and therefore said claim is not barred thereby.

3. APPEAL AND ERROR—DIRECTED VERDICT.

     Testimony of claimant must be taken most strongly in his favor on review of judgment entered on directed verdict against him.

Error to Bay; Houghton (Samuel G.), J. Submitted October 30, 1930. (Docket No. 143, Calendar No. 35,279.) Decided December 2, 1930.

Claim by Walter G. Spinner against the estate of Joseph W. Spinner, deceased, for work and labor. From an order denying the claim, plaintiff appealed to circuit court. From judgment on a directed verdict for defendant, plaintiff brings error. Reversed, and new trial ordered.

*J. L. McCormick* and *A. H. McMillan,* for plaintiff.

*Gilbert W. Hand* and *Carl H. Smith,* for defendant.

BUTZEL, J.  Walter G. Spinner, claimant, filed a claim as creditor against the estate of his father, Joseph W. Spinner, under whose will claimant was to receive only the sum of $1.  Claimant worked for his father for seven years immediately preceding October 6, 1915, and only received $1 or thereabouts each Saturday night for spending money.  The claim, which is the subject of the controversy in this suit, is based upon an alleged agreement on the part of the father to make provision upon his death for the payment of additional compensation to claimant at the rate of $45 a month for the period of employment.  Upon the contents of the will becoming known after the father's death, there was dissension.  Only the sum of $1 was left to another brother, and almost nominal amounts were left to some of the other heirs.  The will also contained the following self-serving declaration:

"I wish to say that I am not indebted to any of my children in any sum, and that if any one of said children should file a claim against my estate, and should same be allowed, I direct that the same be deducted from any amount left said child in this my will."

In order to avoid a will contest, Arthur F. Spinner, who was to receive one-half of the residuum of the estate, entered into a written agreement with all of his brothers and sisters who were then living.  The minor child of a  deceased sister did not join in the agreement.  Arthur appears as party of the first part and the brothers and sisters as second parties to the agreement.  It provided that all of the parties were desirous of amicably adjusting the entire controversy and reaching a compromise agreement, and to that end Arthur would pay to claimant

the additional sum of $499 and to another brother the sum of $400, the sums to become payable after the will was admitted to probate, and two pieces of property were sold. As a consideration the "second parties and each of them" agreed not to contest the will, and further that the amounts provided for each of them in said last will and testament would be accepted by them in full of their "right, title and interest in and to the estate."

Notwithstanding this settlement agreement, Lucy Spinner Sullivan, a sister of claimant, and one of the parties of the second part to the agreement, together with the minor daughter of the deceased sister, contested the probating of the will. It was finally allowed after an appeal to this court. See *In re Spinner's Estate*, 248 Mich. 263. While the contest was pending, claimant presented his claim against the estate for $3,780 to the probate judge. Upon its disallowance, he appealed to the circuit court. At the trial of the case before a jury, the judge, at the close of claimant's testimony, charged that the settlement agreement still remained in full force and effect and that claimant was bound thereby; that his contract to accept $500 in full of all his right, title, and interest in and to the estate meant his interest in the estate not only as an heir but also as a creditor. Therefore, he directed a 'verdict against claimant, who appeals from the judgment rendered thereon.

Irrespective of whether the agreement covered his right, title, and interest as an heir or as a creditor or both, it came to an end for the consideration failed when one of the parties of the second part to the agreement contested the probate of the will. The settlement agreement was a joint one, made with all of the parties.

A somewhat similar situation arose in the case of *Kunzie* v. *Nibbelink,* 199 Mich. 308. In that case, 9 of the 11 heirs, including Mrs. Kunzie, in order to avoid litigation over her father's will and two codicils, agreed with defendant, a tenth heir, that each would take and defendant would pay them an equal portion of the estate. Notwithstanding the agreement, some of the parties thereto began a contest. The will and one codicil were finally upheld, but the second codicil, which in no manner affected Mrs. Kunzie's rights, was held to be void. She did not join in the contest, but abided by the agreement. We held that the agreement was a joint one and that defendant's agreement was dependent upon that of all of the other heirs who joined therein; that the consideration for the agreement was that there would be no contest and that, where several promises are made for an entire consideration, the promises do not become severable, notwithstanding that the parties receive certain shares or amounts for such consideration which vary from the amounts they would have received under the will had it been allowed and no such agreement made. We called particular attention in the opinion to the fact that the sole object of the agreement was to avoid a contest and keep the case out of courts and thus end litigation. In adopting the claim of the counsel for defendant, we quoted the following:

"If there was any consideration, it was the agreement of each for the agreement of every other, that the matter would be kept out of the courts, and, this not being done, the consideration, if any, failed. It seems to us that this proposition is too clear for argument, and apparently has been too clear to be the subject of litigation heretofore, for the decisions, so far as we have examined them, are barren

of authority upon this point. The consideration, if any there was, at first, failed when the contests were started, and the estate brought into litigation. * * * Any action, which would bring on the litigation sought to be avoided, would be a ·clear violation of the contract, whether by one or many, and would result in the total failure of the consideration. * * * The breaching of this contract by the brother and three sisters of the plaintiff was, in legal effect, the breach of the contract by plaintiff herself, as to this defendant. It has before been held by this court that he who first commits a substantial breach of a contract cannot thereafter maintain an action against the other contracting party for failure to perform. *Jones* v. *Berkey,* 181 Mich. 472.''

In the present case, the consideration failed when Mrs. Sullivan, one of the parties to the agreement, contested the probating of the will. Her act in so doing resulted in Arthur Spinner's failure to receive that for which he had agreed to pay the sum of $499, in addition to the $1 mentioned in the will. The consideration was not based upon the outcome of the contest but upon there not being any contest at all. The testimony of claimant must be taken most strongly in his favor, as a verdict was directed at the conclusion of the testimony introduced on his behalf. He testified that three or four months after the settlement agreement was entered into, Arthur made the statement that he would not pay claimant anything under the agreement.

For the reasons stated, the judgment of the lower court is reversed, with costs to claimant, and a new trial ordered.

WIEST, C. J., and CLARK, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.