*In re* MARRIAGE OF BARBARA J. DELLITT, Petitioner-Appellee, and JAMES W. DELLITT, Respondent-Appellant.

Third District   No. 3—90—0329

Opinion filed May 3, 1991.

156

STOUDER, P.J., dissenting.

Lousberg, Kopp, Bonnett & Kutsunis, P.C., of Rock Island (Michael J. Weng, of counsel), for appellant.

Robert Rillie, of Aledo, for appellee.

JUSTICE BARRY delivered the opinion of the court:

James Dellitt appeals from an order dismissing his petition to modify the judgment for dissolution of his marriage to Barbara Dellitt. James sought a reduction in the monthly maintenance payments of $1,000 which he was obliged to make pursuant to a separation agreement between the parties. The issue on appeal is whether the maintenance provision is modifiable.

After 18 years of marriage, James and Barbara obtained a judgment of dissolution of marriage on January 13, 1983. Barbara was awarded custody of the parties' 14-year-old daughter, and both parents were granted joint custody of their 17-year-old son. The dissolution order approved a "Separation Agreement" entered into by the parties on the same date, and the court made an express finding that the agreement is fair and equitable and not unconscionable. The agreement was not incorporated into the judgment, and the judgment stated:

> "The contractual obligations of the parties as defined in the foregoing Separation Agreement shall continue to exist after the entry of this Judgment of Dissolution of Marriage."

The separation agreement provided that James would pay to Barbara "family support" in the sum of $1,667.67 each month, with the payment to be reduced by $333.37 as each child reached majority age. Then James would pay $1,000-per-month maintenance to Barbara until her death or remarriage. (Both children are now adults.) The agreement also provided for the division of the marital property owned by James and Barbara, including several parcels of real estate, common stock in Dellitt Trucking, Inc., several vehicles, life insurance policies, and household goods. In his petition to modify the judgment, James seeks to reduce his payments to Barbara for reason

of changes in his circumstances which allegedly make him unable to pay $1,000 per month.

The trial court dismissed the petition to modify upon a finding that the separation agreement was not modifiable since it was not incorporated into the judgment of dissolution. James has perfected this appeal.

James contends that a provision for maintenance contained in a judgment of dissolution can be modified under section 510 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 510), which states:

> "(a) Except as otherwise provided in paragraph (f) of Section 502 ***, the provisions of any judgment respecting maintenance or support may be modified only as to installments accruing subsequent to due notice by the moving party of the filing of a motion for modification and only upon a showing of a substantial change in circumstances."

Section 502(f) of the Act provides:

> "Except for terms concerning the support, custody or visitation of children, the judgment may expressly preclude or limit modification of terms set forth in the judgment if the separation agreement so provides. Otherwise, terms of an agreement set forth in the judgment are automatically modified by modification of the judgment." Ill. Rev. Stat. 1987, ch. 40, par. 502(f).

James argues that, while the separation agreement was not set forth in the judgment, an *approval* of the agreement was contained in the judgment which should make the agreement subject to modification under authority of these statutory provisions. To state this argument another way, in the event circumstances change, the court could withdraw its previous approval of the original agreement and order modification of its terms.

This construction would eliminate any distinction between a separation agreement incorporated into the judgment and one which is not so incorporated. Furthermore, James' position would nullify the express language of the order that the contractual obligations of the parties set forth in the separation agreement would continue to exist. Here, the trial court found that, at the time of the judgment of dissolution of marriage, the parties intended that their agreement continue as a contract, not as a part of the judgment, thereby limiting the available enforcement procedures. Only contract remedies can be sought.

In addition to the express language of the judgment of dissolution, this finding of the trial court is supported by testimony received during the dissolution hearing. Barbara testified that she understood the separation agreement was not being incorporated into the judgment and that it would "remain a contractual obligation." Her testimony was uncontradicted.

There is nothing in the record to indicate that the parties intended anything other than to settle their financial affairs by contractual agreement separate from the court proceedings. Their agreement was subject to approval by the court, but court approval did not change the contractual nature of the obligations undertaken.

James also contends that the language contained in the separation agreement did not expressly preclude modification. He relies upon *In re Marriage of Chalkley* (1981), 99 Ill. App. 3d 478, 426 N.E.2d 237, where the court required an express declaration of an intent to limit or preclude future modification. (See also *In re Support of Bowman* (1980), 89 Ill. App. 3d 110, 411 N.E.2d 567.) However, *Chalkley* and *Bowman* both involved settlement agreements which had been expressly incorporated into judgments of dissolution. Those cases come within section 502(f), concerning nonmodifiability of the terms of a judgment of dissolution which has incorporated by reference the terms of the settlement. Such is *not* the situation here where the agreement was *not* incorporated into the judgment.

Although there have been no cases deciding the precise questions presented here, the following commentary is relevant:

> "An agreement which is *not* set forth in the judgment 'unless its terms expressly so permit, *will not be modifiable as to economic matters* ... [but] subjects relating to ... children ... do not bind the Court.' " (Emphasis added.) (Ill. Ann. Stat., ch. 40, par. 502(d), Historical and Practice Notes, at 402 (Smith-Hurd 1980), quoting 9A U.L.A. §306, Commissioners' Note at 138 (1988).)

We note that the Illinois Supreme Court has found such comments helpful in interpreting section 502. See *In re Marriage of Sutton* (1990), 136 Ill. 2d 441, 557 N.E.2d 869.

The case before us involves contract law, not section 502(f) of the Illinois Marriage and Dissolution of Marriage Act, and the terms of the settlement agreement entered into by the parties may not be modified except by agreement of both parties. The trial court correctly ruled that the agreement is not modifiable upon a showing of changed circumstances.

While we conclude that a distinction exists between the legal consequence of incorporating a separation agreement into a judgment of dissolution and not doing so, we question whether such a distinction is necessary or wise. We suggest that the legislature consider whether the present rule should continue.

For the reasons stated, the order of dismissal is affirmed.

Affirmed.

SLATER, J., concurs.

PRESIDING JUSTICE STOUDER, dissenting:

The issue before this court appears to be one of first impression: namely, whether the maintenance provision found in a separation agreement which was approved by the trial court in a dissolution proceeding, but not incorporated into the judgment, may subsequently be subject to modification by the trial court on motion of one of the parties. I agree with the majority that the cases cited by the parties are inapposite to the issue presented. However, I would hold that provisions contained in an unincorporated separation agreement are modifiable, and reverse the judgment in the instant case.

I find no reason exists to hold that modifiability should be determined by the fact that the agreement has or has not been incorporated into the judgment. The parties are required to obtain court approval of their agreement. (See Ill. Rev. Stat. 1989, ch. 40, par. 502(b).) That approval suggests that provisions such as maintenance are modifiable by the court. The parties are not free to independently agree that maintenance provisions contained in their separation agreement are not under the eye of the court when it reviews and approves the agreement. I find no authority for departing from the general rule that issues of support and maintenance are always subject to the continued oversight of the trial court.