LUCHIA TORRES, Plaintiff v. ROBERT A. McCLAIN, Defendant

No. COA99-1166

(Filed 3 October 2000)

**1. Divorce— separation agreement—choice of law provision**

The trial court properly applied Illinois law based on the choice of law provision in the parties' separation agreement executed while the parties were stationed overseas with the military in Japan, because: (1) there was a reasonable basis for the par-

TORRES v. McCLAIN

[140 N.C. App. 238 (2000)]

ties' choice of law provision in favor of Illinois since at the time the agreement was drafted, both parties were domiciliaries of Illinois; and (2) applying the law of Illinois will not violate any fundamental public policy of the State of North Carolina nor will it violate any applicable law.

**2. Divorce— equitable distribution—military pension—unincorporated separation agreement**

The trial court did not err by awarding plaintiff wife a portion of defendant husband's military pension when the parties' Japanese divorce judgment does not incorporate the parties' separation agreement providing for the division of defendant's military pension, because an unincorporated separation agreement is a contract that cannot be modified without the consent of the parties.

**3. Divorce— equitable distribution—separation agreement—created more rights than statute provides—no public policy violation**

The trial court did not err by awarding plaintiff wife a portion of defendant husband's military pension even though defendant contends the parties' separation agreement with an Illinois choice of law provision violates the public policy of North Carolina, because: (1) although the parties created rights in plaintiff which she would not have had under the equitable distribution statute of N.C.G.S. § 50-20(b) as it was written at the time, it does not follow that there was a violation of North Carolina's public policy; and (2) there was no showing that the law violates some prevalent conception of good morals, fundamental principle of natural justice, or involves injustice to the people of the forum state.

**4. Divorce— equitable distribution—military pension—no abuse of discretion**

The trial court did not abuse its discretion when it chose to apply Illinois law using the "reserved jurisdiction approach" rather than the "immediate offset approach" to determine that plaintiff wife was entitled to 30% of defendant husband's military pension.

Appeal by defendant from judgment entered 14 May 1999 by Judge Leonard W. Thagard in Onslow County District Court. Heard in the Court of Appeals 21 August 2000.

TORRES v. McCLAIN

[140 N.C. App. 238 (2000)]

*Law Offices of Mark E. Sullivan, P.A., by Mark E. Sullivan, Nancy L. Grace and Deborah Sandlin-Brockmann, for plaintiff-appellee.*

*Ellis, Hooper, Warlick & Morgan, L.L.P., by Victor H.E. Morgan, Jr., for defendant-appellant.*

EAGLES, Chief Judge.

Luchia Torres (plaintiff) and Robert McClain (defendant) were married on 14 June 1975. On 1 June 1976, defendant joined the United States Marine Corps. The parties had two children during their marriage: Allyson R. McClain, born 30 January 1977, and Debrah L. McClain, born 5 January 1979.

In 1988, while stationed in Okinawa, Japan, the parties executed a separation agreement containing an Illinois choice of law provision. Although stationed overseas at the time they executed the separation agreement, both parties were domiciliaries of Illinois. The separation agreement provided in part that

the Wife shall retain any and all rights and claims that she may have in and to said military retirement and that, if the Husband subsequently becomes entitled to receive said military retirement benefits, either party may bring this matter before a court of competent jurisdiction for resolution at any time thereafter.

On 13 May 1988, the parties were divorced pursuant to a judgment of divorce entered in the Naha Family Court in Okinawa, Japan. The judgment neither incorporates nor refers to the separation agreement. However, the judgment does provide that the parties were divorced in accordance with the law of Illinois.

Beginning in 1992, the parties filed a series of motions in Onslow County District Court requesting modification of child support and a determination of arrearage. As part of these proceedings, on 15 September 1997, shortly after defendant's 1 May 1997 retirement from the United States Marine Corps, plaintiff filed a motion asking the Court to award her a percentage of defendant's military pension.

After hearing evidence and examining the record in the case, Judge Thagard concluded that Illinois law governed the disposition of the case pursuant to the choice of law provision in the separation agreement. Judge Thagard further found that "60% of the defendant's

military retirement accrued from the date of marriage to the date of separation, and, therefore the plaintiff is entitled to one-half of the marital interest which is 30% of the defendant's military retirement pay." From the judgment and order entered 14 May 1999, defendant appeals.

Defendant sets forth two assignments of error: (1) the trial court erred in awarding plaintiff a share of defendant's military pension, and (2) even if the trial court properly awarded plaintiff a share of the military pension, the court erred in awarding the plaintiff 30% of the pension.

**[1]** At the outset, we hold that the trial court properly applied Illinois law in this case. We have previously held that "[t]he parties' choice of law is generally binding on the interpreting court as long as they had a reasonable basis for their choice and the law of the chosen State does not violate a fundamental public policy of the state or otherwise applicable law." *Behr v. Behr*, 46 N.C. App. 694, 696, 266 S.E.2d 393, 395 (1980) (citing RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187 (1971)). Paragraph 25 of the parties' separation agreement explicitly provides that it is to be construed and applied according to Illinois law. At the time the agreement was drafted, both parties were domiciliaries of Illinois. Therefore, we find a reasonable basis for the parties' choice of law provision in favor of Illinois. In addition, applying the law of Illinois will not violate any fundamental public policy of the State of North Carolina, nor will it violate any applicable law. For these reasons, we conclude the trial court properly applied Illinois law.

**[2]** We now turn to defendant's first assignment of error. In support of his contention that the trial court erred in awarding plaintiff a portion of defendant's military pension, defendant relies primarily on the Illinois case *In Re Marriage of Brown*, 587 N.E.2d 648 (Ill. App.3d 1992). Defendant argues that the trial court should have dismissed this action for lack of subject matter jurisdiction based on *Brown*. We disagree.

In *Brown*, the parties obtained a divorce in Germany while the husband-defendant was stationed there on active military duty. *Id.* at 650. Prior to the entry of divorce, the parties executed a separation agreement giving the wife-plaintiff a share of the defendant's military pension. *Id.* When plaintiff attempted to register the foreign judgment, the Illinois Court affirmed the dismissal of the action on the grounds that subject matter jurisdiction was lacking. *Id.* at 653.

There is a critical difference between *Brown* and this case. In *Brown*, the German divorce decree incorporated the parties' separation agreement, thereby making it part of the foreign judgment. *Id.* at 650-51. In this case, the Japanese divorce judgment does not incorporate the parties' separation agreement.

It is this critical, factual difference that controls the outcome here. Illinois law is clear that an unincorporated separation agreement is not modifiable absent the consent of the parties. *In re Marriage of Delitt*, 571 N.E.2d 523 (Ill. App.3d 1991). In *Delitt*, the parties executed a separation agreement which provided for monthly maintenance of the wife until her death or remarriage. The separation agreement was not incorporated into the judgment of dissolution of marriage. *Id.* at 524. The husband petitioned the court to reduce his monthly payments based on a change of circumstances. The Illinois Court held that the case involved "contract law . . . and the terms of the settlement agreement entered into by the parties may not be modified except by the agreement of both parties." *Id.* at 525. Likewise, in this case, the separation agreement providing for the division of defendant's military pension was not incorporated into the Japanese divorce judgment. For this reason, the separation agreement is merely a contract, and subject only to contract remedies. *Id.* Accordingly, we hold that the trial court properly awarded plaintiff a share of defendant's military pension.

Assuming *arguendo* that North Carolina law controls the outcome in this case, the result would be the same. North Carolina, like Illinois, provides that an unincorporated separation agreement is a contract that cannot be modified without the consent of the parties. *Walters v. Walters*, 307 N.C. 381, 298 S.E.2d 338 (1983); *Cavenaugh v. Cavenaugh*, 317 N.C. 652, 347 S.E.2d 19 (1986); *Grover v. Norris*, 137 N.C. App. 487, 529 S.E.2d 231 (2000); *Crane v. Green*, 114 N.C. App. 105, 441 S.E.2d 144 (1994); *Rose v. Rose*, 108 N.C. App. 90, 422 S.E.2d 446 (1992). Thus, it is clear that even if the choice of law provision in the separation agreement did not control this case, plaintiff would be entitled to a share of defendant's military pension under North Carolina law.

[3] Defendant also argues that this Court should reverse the trial court's order awarding plaintiff a share of his military pension on the grounds that the separation agreement violates the public policy of North Carolina. We are not persuaded.

At the time the separation agreement was drafted, G.S. 50-20(b) did not provide for the statutory equitable distribution of non-vested pensions. However, the courts of North Carolina have long held that separation agreements will be enforced as ordinary contracts, even when the agreement creates rights not provided for by statute. *Blount v. Blount,* 72 N.C. App. 193, 323 S.E.2d 738 (1984); *Altman v. Munns,* 82 N.C. App. 102, 345 S.E.2d 419 (1986). Although the parties in this action created rights in the plaintiff which she would not have had under the equitable distribution statute as it was written at the time, it does not follow that this amounts to a violation of North Carolina's public policy.

The courts of North Carolina have been reluctant to find that the law of another state violates our public policy absent a showing that the law violates "some prevalent conception of good morals or fundamental principle of natural justice or involve injustice to the people of the forum state." *Boudreau v. Baughman,* 322 N.C. 331, 342, 368 S.E.2d 849, 857-58 (1988). We hold there is no such violation here.

**[4]** Defendant next assigns error to the trial court's application of the test to determine the portion of defendant's military pension to be awarded plaintiff. The trial court calculated and concluded that 60% of defendant's military pension accrued during the parties' marriage. Based on that finding, the trial court awarded plaintiff 30% of defendant's military pension, payable as of 1 May 1997, the date of defendant's retirement. Defendant argues the trial court should have applied the "immediate offset approach" in this case, not the "reserved jurisdiction approach."

Illinois law provides two methods for dividing pensions: the "immediate offset approach" and the "reserved jurisdiction approach." *In re Marriage of Whiting,* 534 N.E.2d 468, 470-71 (Ill. App.3d 1989). In *In re Marriage of Korper,* 475 N.E.2d 1333, 1338 (Ill. App.3d 1985), these two different methods were summarized as follows:

> In an appropriate case, the court can reduce the pension plan to present value and award an offsetting value of money or property to the nonemployee spouse. This is the immediate offset approach. In other cases, the court can order the employee spouse to pay the allocated portion of the fund, as disbursed, retaining jurisdiction to enforce the decree. This is the reserved jurisdiction approach. (Citations omitted).

The distribution of marital property is a matter within the discretion of the trial court, and will not be disturbed absent a showing of abuse of that discretion. *Id.* at 1336. We hold that the defendant has failed to show an abuse of discretion.

Again assuming *arguendo* that North Carolina law controls this case, the outcome would be the same. The "distribution of marital property is within the sound discretion of the trial court and will not be overturned absent an abuse of discretion." *O'Brien v. O'Brien,* 131 N.C. App. 411, 416, 508 S.E.2d 300, 304 (1998). Under North Carolina law, this Court would not reverse the trial court's award to plaintiff of 30% of defendant's military pension in the absence of an abuse of discretion.

For the foregoing reasons, we affirm the trial court's order and judgment of 14 May 1999.

Affirmed.

Judges MARTIN and HORTON concur.