ALICE S. BEHR v. BYRON C. BEHR

No. 7910DC1004

(Filed 20 May 1980)

1. **Rules of Civil Procedure § 19— child support—child not necessary party to action**

    In an action to recover arrearages due for child support and alimony, joinder of the parties' child was not required, even if she had reached the age of majority or become emancipated, since the parties' separation agreement provided that all support payments were to be made to plaintiff, as the child's mother.

2. **Husband and Wife § 12— separation agreement—cohabitation not rescission**

    In an action to recover arrearages for support due under the parties' separation agreement, there was no merit to defendant's contention that there was a genuine issue of fact before the court concerning rescission of the separation agreement, since the validity and construction of the agreement were governed by the laws of N.Y.; under N.Y. law, mere cohabitation does not invalidate a separation agreement; and defendant's affidavit, alleging mere cohabitation between husband and wife, and showing the parties' intention at that time to obtain a divorce, considered in light of their subsequent divorce, showed that the parties did not intend a reconciliation.

3. **Divorce and Alimony § 24.10— child support—child reaching 18—emancipation not shown—decrease in support not required**

    Under N.Y. law, which determined the validity and construction of the parties' separation agreement, the fact that a child has reached the age of 18 is not determinative of the question as to whether emancipation has occurred; therefore, there was no merit to defendant's contention that his support payments under the separation agreement must be decreased because the agreement provided for such a reduction when the child became emancipated and because the child had reached the age of 18, since defendant's papers demonstrated the child's continued dependency on her parents, and defendant failed to come forth with any facts which would tend to establish emancipation.

Behr v. Behr

4. Judgments § 37.3— installments due under separation agreement—failure to claim all installments due—judgment as estoppel

Where plaintiff filed an action on 9 October 1978 to recover all arrearage due under a separation agreement from 1 May 1977 through 1 February 1978, and plaintiff obtained a judgment for all installments owing during this period, plaintiff was estopped to seek recovery of the arrearage which had accumulated between 1 February 1978 and 9 October 1978 which plaintiff could have demanded in the action she commenced on the latter date, since, under the doctrine of merger, a party suing for the breach of an indivisible contract must sue for all of the benefits which have accrued at the time of suit or be precluded from maintaining a subsequent action for installments omitted.

APPEAL by defendant from *Parker (John H.), Judge.* Judgment entered 31 July 1979 in District Court, WAKE County. Heard in the Court of Appeals 18 March 1980.

In her complaint, plaintiff alleges that she and defendant were married 15 November 1956 and divorced 21 August 1967. Prior to the divorce, they entered into a separation agreement which was executed in the State of New York. A copy of the agreement was incorporated into the complaint. Pursuant to the terms of the agreement, defendant was required to pay $5,520 per year in equal monthly installments for the support of plaintiff and of their daughter Lisa Kathryn until she reached the age of twenty-one or became emancipated. Lisa Kathryn was born 18 May 1960. Plaintiff has previously obtained judgments against defendant for arrearage in support in the amounts of $13,853.03, $3,870, $4,630 and $4,659.32, respectively. All such judgments remain unsatisfied. Defendant has made no payments since 1 March 1978 and owes plaintiff $4,600 for support under the agreement. In his answer, defendant admitted the marriage, divorce, and execution of the separation agreement. He denied the other operative allegations of the complaint, and raised several additional defenses.

Plaintiff moved for summary judgment and supported her motion with an affidavit in which she stated that she had received no money from the previous judgments against defendant and that he had made no payments to her for the period alleged in the complaint. Defendant responded with a counteraffidavit. Following a hearing on the motion, the trial court entered summary judgment for the plaintiff requiring defendant to pay plaintiff $460 per month, and to pay the sum of $4,600 into the Superior

Court of Wake County no later than 15 August 1979 for the use and benefit of plaintiff as arrearage due plaintiff under the agreement. Defendant appeals.

*William A. Smith, Jr. for plaintiff appellee.*

*Purrington, McNamara & Pipkin, P.A., by Thomas P. McNamara, for defendant appellant.*

WELLS, Judge.

[1] Defendant brings forward four assignments of error. Defendant first contends that the trial court erred by refusing to join Lisa Kathryn as a necessary party to this action. A necessary party is one whose presence is required for complete determination of the claim. G.S. 1A-1, Rule 19; *MacPherson v. City of Asheville*, 283 N.C. 299, 196 S.E. 2d 200 (1973). We hold that joinder of Lisa Kathryn was not required, whether or not she reached the age of majority or became emancipated, because the separation agreement provided that all support payments were to be made to plaintiff, as Lisa Kathryn's mother.

[2] Defendant argues that there was an issue of fact before the court relating to rescission of the separation agreement, and that summary judgment was therefore not properly entered. The validity and construction of a separation agreement entered into in another state are governed by the laws of that state. *Medders v. Medders*, 40 N.C. App. 681, 254 S.E. 2d 44 (1979). In the present case, the separation agreement was executed by the parties in New York and the agreement specifically provides that it should be interpreted under the laws of that State. The parties' choice of law is generally binding on the interpreting court as long as they had a reasonable basis for their choice and the law of the chosen State does not violate a fundamental policy of the state of otherwise applicable law. RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187 (1971).

Defendant asserts in his verified answer and affidavit that the separation agreement was rescinded by the parties after it was executed, because the parties continued to live together as husband and wife for a period of time prior to their divorce. Under New York law, mere cohabitation does not invalidate a separation agreement—the parties must intend a reconciliation.

*Markowitz v. Markowitz*, 52 A.D. 2d 521, 381 N.Y.S. 2d 678 (1st Dep't 1976). The defendant's affidavit, alleging mere cohabitation between husband and wife, and showing the parties' intention at that time to obtain a divorce, considered in light of their subsequent divorce, shows that the parties did not intend a reconciliation. Accordingly, the defendant has not shown a forecast of evidence which would be available to him at trial to show that a genuine issue of material fact exists on the subject of reconciliation.

[3] Defendant argues that his support payments under the separation agreement must be decreased because the agreement provided for such a reduction when his daughter, Lisa Kathryn, became emancipated, and that Lisa Kathryn became emancipated on 18 May 1978 when she reached the age of eighteen. While we agree that the separation agreement contemplated that Lisa Kathryn's emancipation could occur prior to the age of twenty-one, under New York law the fact that a child has reached the age of eighteen is not determinative of the question as to whether emancipation has occurred. Emancipation is concerned with the extinguishment of parental rights and duties as well as the removal of the disabilities of infancy. *Wysocki v. Prior*, 24 A.D. 2d 732, 263 N.Y.S. 2d 342 (4th Dep't 1965), *leave to appeal denied*, 16 N.Y. 2d 486 (1965). In the case at bar, plaintiff's papers demonstrate Lisa Kathryn's continued dependency on her parents, and defendant has failed to come forth with any facts which would tend to establish emancipation. Under these circumstances, defendant has failed to show that a genuine issue of material fact exists on the issue of emancipation.

[4] Defendant additionally argues that a portion of plaintiff's present claim is barred under the doctrine of *res judicata* because she failed to assert it in a former action based on the same separation agreement. It is undisputed that on 9 October 1978 plaintiff filed an action to recover all arrearage due under the agreement from 1 May 1977 through 1 February 1978, and that plaintiff obtained a judgment in that action for all installments owing during this period. Defendant now argues that plaintiff is estopped to seek recovery of the arrearage which had accumulated between 1 February 1978 and 9 October 1978, which plaintiff could have demanded in the action she commenced on

this latter date. Harsh though the application of the rule may be in this case, we are constrained to agree.

The doctrine of merger is a collateral aspect of *res judicata* which determines the scope of claims precluded from relitigation by an existing judgment. *See, Teele v. Kerr*, 261 N.C. 148, 134 S.E. 2d 126 (1964); *Elliott v. Burton*, 19 N.C. App. 291, 198 S.E. 2d 489 (1973). Under the doctrine of merger, a party suing for the breach of an indivisible contract must sue for all of the benefits which have accrued at the time of suit or be precluded from maintaining a subsequent action for installments omitted. RESTATE-MENT OF JUDGMENTS § 62, Comment *h* (1942); 50 C.J.S. Judgments § 671, p. 117 (1947). An even broader "transactional" approach is proposed in Section 61 of the RESTATEMENT (SECOND) OF JUDGMENTS (Tent. Draft No. 5, 1978):

> § 61. Dimensions of "Claim" for Purposes of Merger or Bar —General Rule Concerning "Splitting"
>
> > (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 47, 48), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
>
> > (2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

As in the original Restatement, the Tentative Draft of the Second Restatement would bar recovery of unclaimed installments, owing under an indivisible contract, due at the time the prior action was commenced. *Id.*, Comment *d*. "The reason for the rule lies in the necessity of preventing vexatious and oppressive litigation and implicit in this rule is an assumption that a plaintiff who has split his cause of action has acted inequitably, knowing that he was

causing unnecessary vexation to the defendant or at least careless as to whether or not he was causing such vexation." *Maloney v. McMillan Book Co.*, 52 Misc. 2d 1006, 277 N.Y.S. 2d 499, 502 (City Ct. Syracuse 1967).

Plaintiff does not argue, nor do we believe in this case she could argue, that defendant's contractual obligation to pay a yearly amount of alimony in equal monthly installments in itself created a divisible agreement, under which she could sue for each installment independently of those payments already due at the commencement of the action. While plaintiff could have maintained a separate action for each installment immediately after it became due, subject to consolidation under G.S. 1A-1, Rule 42(a) at the discretion of the trial court,

> If no action is brought until after there have been two such failures only one action can thereafter be maintained for the two. One judgment bars any further action for breaches that existed at the time suit was brought and that might have been included in a single action. This rule is to reduce the cost of litigation and to prevent unnecessary and vexatious actions.

> So only one action is maintainable for all installments of money under a single contract that are overdue when suit is commenced, or for all installments of rent that are due under a single lease. The same is true of all other kinds of breaches as well, failure to make repairs or to insure as well as failure to pay a monthly installment or to deliver goods or to perform services.

> The same rule applies to all other kinds of contracts requiring a series of performances such that a series of breaches can occur by failure to render the performances as required.

4 Corbin, Contracts § 950, pp. 821-822 (1951). The rule has been applied to installments of unpaid rent (*Viviano v. Ferguson*, 39 S.W. 2d 568 (Mo. App. 1931); *Maloney v. McMillan Book Co., supra*), commissions (*Le John Mfg. Co. v. Webb*, 91 A. 2d 332 (D.C. 1952)), disability insurance (*Metropolitan Life Ins. Co. v. Richter*, 182 Okla. 446, 78 P. 2d 307 (1937)), and automobile loan payments (*Jones v. Bank*, 168 Va. 284, 191 S.E. 608 (1937)).

Our Supreme Court applied the principle of merger to the payment of overdue installments at an early date. *Smith v. Lumber Co.*, 142 N.C. 26, 54 S.E. 788 (1906), *overruled on other grounds*, 267 N.C. 56, 147 S.E. 2d 590 (1966). In *Smith*, the plaintiff employee sued his employer for the first wage installment which his employer allegedly owed to him when, at the time the plaintiff brought suit, three such wage installments were owing and recoverable. The Court held that the plaintiff, "could have recovered the amount of both the second and third installments in the [prior] suit . . . and is consequently barred from the recovery of either one of them in this action. . . ." 142 N.C. at 31-32, 54 S.E. at 790. We perceive no legally sufficient basis for distinguishing the contractual obligation to pay monthly installments of alimony from the installments owing in *Smith* or the cases from other jurisdictions cited above. As stated by Justice Huskins, quoting from Herman on Estoppel and Res Judicata §§ 122, 123, pp. 130, 131, a judgment

> is not only final as to the matter actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have decided. . . . The court requires parties to bring forward the whole case, and will not, except under special circumstances, permit the same parties to open the same subject of litigation in respect to matters which might have been brought forward as part of the subject in controversy. . . . The plea of *res adjudicata* applies, except in special cases, not only to the points upon which the court was required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject in litigation and which the parties, exercising reasonable diligence, might have brought forward at the time and determined respecting it.

*In re Trucking Co.*, 285 N.C. 552, 560, 206 S.E. 2d 172, 178 (1974).

It was incumbent upon plaintiff when she brought her October 1978 action to include in it all installments which were due and recoverable at the time she filed the action, and her failure to do so or to obtain judgment for them in that action now acts as a bar to her recovery of them in the action *sub judice*. The amount of the judgment in this action must be modified so as to eliminate those installments.

Modified and affirmed.

Judges HEDRICK and WEBB concur.