CABLE TEL SERVICES, INC., Plaintiff v. OVERLAND CONTRACTING, INC., and BLACK & VEATCH LLP, Defendants

No. COA01-1318

(Filed 17 December 2002)

**1. Appeal and Error— appealability—denial of motion to dismiss—jurisdiction selection clause—interlocutory order—substantial right**

Although the denial of a motion to dismiss is ordinarily not appealable, this matter is properly before the Court of Appeals because an appeal from a motion to dismiss for improper venue based upon a jurisdiction or venue selection clause dispute deprives the appellant of a substantial right.

**2. Contracts; Courts— breach—choice of law—refusal to apply**

The trial court did not err in a breach of contract action by refusing to apply Colorado law even though the contract provides that its validity, performance, and effect shall be determined in accordance with the internal laws of Colorado, because: (1) even though the choice of law provision indicated the contract was made in Colorado, the record reflects that the contract was actually entered into by plaintiff in North Carolina; (2) plaintiff has neither engaged in business of any kind in Colorado, is not licensed or registered to conduct business in the State of

Colorado, and has never knowingly entered into any contracts with any person or entity in Colorado; (3) all work to be performed by plaintiff under the contract was to be performed in Missouri; and (4) there is no other reasonable basis for the parties or the Court of Appeals to apply Colorado law to this contract.

**3. Venue— forum selection clause—not mandatory**

The trial court did not abuse its discretion in a breach of contract action by denying defendants' motion to dismiss an action brought in North Carolina even though the contract provided that it shall be subject to the jurisdiction of the State of Colorado, because the language in the contract did not contain language to indicate that it was a mandatory forum selection clause.

Appeal by defendant from order entered on 23 July 2001 by Judge James Downs in Polk County Superior Court. Heard in the Court of Appeals 21 August 2002.

*Hamrick, Bowen, Mebane, Greenway & Lloyd, by David A. Lloyd, for plaintiff-appellee.*

*Moore & Van Allen, P.L.L.C., by Jeffrey J. Davis and Andrew S. O'Hara, for defendant-appellants.*

HUDSON, Judge.

The issue on this appeal is whether certain clauses in the parties' contract prohibit North Carolina courts from exercising jurisdiction over an action for a breach of that contract. The trial court ruled that they did not. For the following reasons, we affirm.

Plaintiff Cable Tel Services, Inc. (Cable Tel) and defendants Overland Contracting, Inc. (Overland) and Black and Veatch, LLP (Black and Veatch) entered into a contract in 1998 whereby plaintiff was to perform construction work on a television cable installation project. The following two clauses appeared in the parties' written agreement:

9.0 COMPLIANCE WITH LAWS
(paragraph 2)

This Subcontract shall be subject to the law and jurisdiction of the State of Colorado unless expressly designated otherwise in this Subcontract.

15.0 CHOICE OF LAW.

Notwithstanding any provision in the Prime Agreement to the contrary, this Subcontract and the Prime Agreement have been made in and their validity, performance and effect shall be determined in accordance with the internal laws, without reference to conflict of laws, of Colorado.

On 13 December 2000, plaintiff filed suit against defendants in Polk County, North Carolina, seeking damages for breach of contract and negligent misrepresentation. On 24 May 2001, defendants filed a motion to dismiss plaintiff's complaint based on clauses 9.0 and 15.0 of the contract. The trial court denied the motion, and defendants appealed to this Court.

**[1]** Initially we note that, although an appeal from the denial of a motion to dismiss or motion for summary judgment is ordinarily not appealable, this matter is properly before this Court because North Carolina "case law establishes firmly that an appeal from a motion to dismiss for improper venue based upon a jurisdiction or venue selection clause dispute deprives the appellant of a substantial right that would be lost." *Mark Grp. Int'l, Inc. v. Still*, 151 N.C. App. 565, 566 S.E.2d 160, 161 n.1 (2002). *See also L.C. Williams Oil Co. v. NAFCO Capital Corp.*, 130 N.C. App. 286, 288, 502 S.E.2d 415, 417 (1998).

**[2]** On appeal, defendants argue that the case should have been dismissed because: (1) we should apply Colorado law; and (2) under Colorado law section 9 is a mandatory forum selection clause and as a result the case must be dismissed and heard in Colorado.

Parties often include in contracts one or more of three types of clauses to establish where jurisdiction lies and which state's laws will apply to the contract. First, a "choice of law" clause may provide that the substantive laws of a particular state govern the construction and validity of the contract. Second, under a "consent to jurisdiction" clause, the parties may agree to submit to the jurisdiction of a specific court or state. Third, a "forum selection" clause goes beyond a "consent to jurisdiction" clause, and designates a particular state or court jurisdiction as the one in which the parties will litigate any disputes arising out of their contract or contractual relationship. *See Mark Grp. Int'l, Inc.* at 566-67, 566 S.E.2d at 161, *Johnston County v. R.N. Rouse & Co., Inc.*, 331 N.C. 88, 92-93, 414 S.E.2d 30, 33 (1992).

Paragraphs 9.0 and 15.0, respectively, are "consent to jurisdiction" and "choice of law" clauses. Whether paragraph 9.0 is a forum selection clause is an issue we must decide.

But first we must decide whether paragraph 15.0, the "choice of law" clause, is valid. Our Supreme Court has held that "the interpretation of a contract is governed by the law of the place where the contract was made." *Land Co. v. Byrd*, 299 N.C. 260, 262, 261 S.E.2d 655, 656 (1980). In *Land Co.*, the Court applied Virginia law, since the parties had signed the contract in that state. The Court noted that "where parties to a contract have agreed that a given jurisdiction's substantive law shall govern the interpretation of the contract, such a contractual provision will be given effect." *Id.*

In general, a court interprets a contract according to the intent of the parties to the contract. *Bueltel v. Lumber Mut. Ins. Co.*, 134 N.C. App. 626, 631, 518 S.E.2d 205, 209 (1999), *disc. review denied*, 351 N.C. 186, 541 S.E.2d 709 (1999). In addition, "[i]f the plain language of a contract is clear, the intention of the parties is inferred from the words of the contract." *Id.* Thus, the Court in *Bueltel* held that "following the logic of *Land Co.*, it is apparent that when a choice of law provision is included in a contract, the parties intend to make an exception to the presumptive rule that the contract is governed by the law of the place where it was made." *Id.* The contract in the present case provides that its "validity, performance and effect shall be determined in accordance with the internal laws . . . of Colorado."

However, under certain circumstances, North Carolina courts will not honor a choice of law provision. *See Behr v. Behr*, 46 N.C. App. 694, 266 S.E.2d 393 (1980) (citing Restatement (Second) of Conflict of Laws § 187 (1971)); *Torres v. McClain*, 140 N.C. App. 238, 535 S.E.2d 623 (2000). In *Behr*, the parties' dispute involved their separation agreement, which they had executed in New York, and which "specifically provide[d] that it should be interpreted under the laws of that State." *Behr* at 696, 266 S.E.2d at 395. Section 187 of the Restatement (Second) of the Conflict of Laws, cited and incorporated into our common law analysis of this issue by *Behr* and *Torres*, provides that:

> (2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either

(a)  the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice,

or

(b)  application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of applicable law in the absence of an effective choice of law by the parties.

Restatement (Second) of Conflict of Laws § 187 (1971). Applying these principles, this Court in *Behr* followed New York law in accordance with the contract noting that the "parties' choice of law is generally binding on the interpreting court as long as they had a reasonable basis for their choice and the law of the chosen State does not violate a fundamental policy of the state of otherwise applicable law." *Behr* at 696, 266 S.E.2d at 395; *see also, Bundy v. Commercial Credit Co.*, 200 N.C. 511, 516, 157 S.E. 860, 863 (1931) (refusing to apply parties' choice of Delaware law because their contractual stipulation was "immaterial" in that the "record [did] not disclose that any transaction took place in Delaware or that the parties even contemplated either the making or the performance of the contract in said State."); *Torres v. McClain*, 140 N.C. App. 238, 535 S.E.2d 623 (2000); *Key Motorsports, Inc., v. Speedvision Network, L.L.C.*, 40 F.Supp.2d 344, 346 (M.D.N.C. 1999) (applying principles from *Behr* and *Bundy* in recognizing that "in limited circumstances, North Carolina courts will ignore the parties' choice of law and instead apply the law of the place where the contract is made"); *Broadway & Seymour, Inc. v. Wyatt*, 944 F.2d 900 (4th Cir. 1991) (recognizing that the application of the Restatement finds support in North Carolina in *Behr*).

Though the choice of law provision here (paragraph 15.0) indicates that the contract was "made" in Colorado, the record reflects that the contract was actually entered into by plaintiff in North Carolina. According to his affidavit, Robert Long, President of Cable Tel, received the written contract at his office in Polk County, North Carolina and executed the contract there by signing it and returning it to defendant in Kansas. Cable Tel has never engaged in business of any kind in Colorado, is not licensed or registered to conduct business in the State of Colorado and has never knowingly entered into

any contracts with any person or entity in Colorado. In addition, all work to be performed by Cable Tel under the contract was to be performed in Missouri. Thus, in accordance with *Bundy* and *Behr,* we conclude from this record that Colorado has no relationship, let alone a "substantial relationship," to this transaction. Finally, we can discern no other reasonable basis for the parties or for us to apply Colorado law to this contract. Thus, these authorities direct us to hold that Colorado law will not apply here.

**[3]** Defendant argues that paragraph 9.0 contains an enforceable forum selection clause under Colorado law. However, because we have held that the choice of law provision contained in paragraph 15.0 does not apply, we address instead whether paragraph 9.0 contains a forum selection clause enforceable under North Carolina law.

On review of the denial of the motion to dismiss based on a venue selection clause, we apply an abuse of discretion standard. *Cox v. Dine-A-Mate, Inc.,* 129 N.C. App. 773, 776, 501 S.E.2d 353, 355 (1998), *disc. review denied,* 349 N.C. 355, 525 S.E.2d 449 (1998) (holding that "because the disposition of such cases is highly fact-specific, the abuse-of-discretion standard is the appropriate standard of review"). "Under the abuse-of-discretion standard, we review to determine whether a decision is manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision." *Mark Grp. Int'l, Inc.* at 566, 566 S.E.2d at 161.

Generally in North Carolina, "when a jurisdiction is specified in a provision of contract, the provision generally will not be enforced as a mandatory selection clause without some further language that indicates the parties' intent to make jurisdiction exclusive." *Id.* at 568, 566 S.E.2d at 162. As recognized by our appellate courts, mandatory forum selection clauses "have contained words such as 'exclusive' or 'sole' or 'only' which indicate that the contracting parties intended to make jurisdiction exclusive." *Id. See also, Internet East, Inc. v. Duro Communications, Inc.,* 146 N.C. App. 401, 403, 553 S.E.2d 84, 86 (2001) (holding that clause was a mandatory forum selection clause where clause provided that "The parties . . . stipulate that the State Courts of North Carolina shall have sole jurisdiction . . . and that venue shall be proper and shall lie exclusively in the Superior Court of Pitt County, North Carolina"); *Appliance Sales & Service v. Command Electronics Corp.,* 115 N.C. App. 14, 23, 443 S.E.2d 784, 790 (1994) (finding an enforceable forum selection clause existed

where language in parties' contract provided that "the Courts in Charleston County, South Carolina shall have exclusive jurisdiction and venue"); *Perkins v. CCH Computax, Inc.*, 333 N.C. 140, 141, 423 S.E.2d 780, 781 (1992) (finding a mandatory forum selection clause existed where language in parties' agreement provided that "Any action relating to this Agreement shall only be instituted . . . in courts in Los Angeles County, California").

In contrast to the language in the cases cited above, the language in paragraph 9.0 of the present contract does not contain language to indicate that it is a mandatory forum selection clause. Paragraph 9.0 provides that the contract "shall be subject to the . . . jurisdiction of the State of Colorado . . ." but does not indicate that the state courts in Colorado shall have "sole" or "exclusive" jurisdiction.

In sum, because the record before us reveals no connection between these parties or the contract and the State of Colorado, we apply North Carolina law. Under North Carolina law, we find no abuse of discretion on the part of the trial court in denying the motion to dismiss.

Affirmed.

Judges WYNN and CAMPBELL concur.