# United States Court of Appeals

## For the First Circuit

No. 09-2163

RAFAEL RODRÍGUEZ BARRIL, INC.,

Plaintiff, Appellant,

v.

CONBRACO INDUSTRIES, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Boudin, Selya and Gajarsa,[*]

Circuit Judges.

Angelique Doble Bravo with whom José A. Gallart and Gallart Law Firm were on brief for appellant.
Annette Cortés Arcelay with whom Eric Pérez-Ochoa and Adsuar Muñiz Goyco Seda & Pérez-Ochoa, P.S.C. were on brief for appellee.

September 8, 2010

[*]Of the Federal Circuit, sitting by designation

**BOUDIN**, **Circuit Judge**.  The question in this case is whether a forum selection clause in a contract between the parties is displaced by Puerto Rico's Sales Representatives Act of 1990, P.R. Laws Ann. tit. 10, §§ 279-279h (2009) ("Law 21").  The district court held that it was not displaced and dismissed the suit without prejudice.  Although there are disputed facts as to a supposed breach of contract, the facts relating to the forum selection clause are not disputed, and that issue is dispositive on this appeal.

Conbraco Industries, Inc. ("Conbraco"), based in North Carolina, manufactures valves and other industrial products.  On January 1, 1999, Conbraco and Rafael Rodríguez Barril, Inc. ("RRB") executed a Sales Representative Agreement ("the agreement") in North Carolina, appointing the latter as a Conbraco sales representative in Puerto Rico.  One provision required RRB and its staff to "refrain from any activities which may reflect adversely upon the reputation or credibility of Conbraco or the Products."  Conbraco terminated the contract on June 27, 2008, claiming a breach of this provision by RRB several days earlier.[1]

On August 11, 2008, RRB sued Conbraco in Puerto Rico Superior Court under Puerto Rico's Law 21.  Law 21 provides inter

---

[1]In a nutshell, Conbraco alleged that at a Puerto Rico hotel on June 23, 2008, RRB's president verbally attacked and threatened both Conbraco's executive vice president and the owner of Conbraco's largest distributor, and engaged in other improper actions.

alia that regardless of any contractual language to the contrary, (1) sales representation contracts covering the geographic territory of Puerto Rico "shall be construed pursuant to, and shall be governed by" Puerto Rico law, P.R. Laws Ann. tit. 10, § 279f, and (2) no principal may terminate a contract with a sales representative absent "just cause," id. § 279a. RRB alleged that Conbraco terminated the contract without cause and requested a declaratory judgment, specific performance of the contract, and compensation for Conbraco's allegedly tortious conduct.

However, the agreement contains a forum selection clause, a choice of law clause, and a severability clause. The first provides: "In the event that either party brings suit to enforce the terms of this [a]greement both [RRB] and Conbraco consent and agree that jurisdiction for such action will lie only in the state and federal courts sitting in Mecklenburg County, North Carolina"; the second, that the contract "shall be governed and construed in all respects" according to North Carolina law; and the third, that if any provision is held unlawful or unenforceable, "the remaining portions of the [a]greement shall remain in full force and effect."

After removing the action to federal court, Conbraco sought to enforce the forum selection clause by filing a motion to dismiss. Fed. R. Civ. P. 12(b)(6). The magistrate judge, to whom the matter was referred, recommended that the motion be granted, finding the forum selection clause to be valid and stating that an

attack under Law 21 on the validity of the choice of law clause was properly to be presented in the North Carolina forum specified in the forum selection clause. The district court adopted the magistrate judge's Report and Recommendation, and granted Conbraco's motion to dismiss without prejudice. RRB now appeals.

We review de novo a district court's Rule 12(b)(6) dismissal based on a forum selection clause. Rivera v. Centro Médico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009). This being a case based on diversity jurisdiction, the initial question is whether for Erie purposes, see Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), we treat the issue of whether a forum selection clause is enforceable as "procedural" and look to a federal test of validity or instead treat it as "substantive" and look to pertinent state law, starting with the choice of law rules that would be followed by the local court in the jurisdiction where the district court sits.

The Erie question has been reserved by the Supreme Court, Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 25-26, 32 & n.11 (1988), and by this court, Rivera, 575 F.3d at 16-17, although most circuits that have spoken favor a uniform federal standard to test the validity of forum selection clauses, see Wong v. PartyGaming Ltd., 589 F.3d 821, 827 (6th Cir. 2009) (collecting cases). It remains unnecessary for us to decide the issue here because both North Carolina, Perkins v. CCH Computax, Inc., 423 S.E.2d 780,

783-84 (N.C. 1992),[2] and Puerto Rico, <u>Unisys P.R.</u> v. <u>Ramallo Bros.</u> <u>Printing, Inc.</u>, 128 P.R. Dec. 842, 856-57 (1991), follow the federal standard announced by the Supreme Court in <u>The Bremen</u> v. <u>Zapata Off-Shore Co.</u>, 407 U.S. 1 (1972).

Under <u>Bremen</u>, an opening question is whether the forum specified in the selection clause is mandatory or merely permissive, <u>Rivera</u>, 575 F.3d at 17, but that question is easily answered because the clause before us states that jurisdiction would lie "only" in North Carolina. The next question is the scope of the clause; here, it operates when "either party brings suit to enforce the terms of this [a]greement." This language embraces the present suit insofar as RRB is suing for breach of contract and for injunctive and declaratory relief seeking specific performance of the contract.

Admittedly, the contract by its terms permits termination without cause and without consequential or punitive damages, and RRB's theory is that, contrary to those terms, Law 21 prohibits termination without cause and gives RRB a right to certain damages that are specifically excluded by the contract. But the effect of the relief sought is to "enforce" the primary terms of the contract

---

[2]<u>Perkins</u> was partly modified by a North Carolina statute, <u>see</u> <u>Szymczyk</u> v. <u>Signs Now Corp.</u>, 606 S.E.2d 728, 732 n.2 (N.C. App. 2005), but <u>Perkins</u> continues to apply to contracts, like ours, that do not require disputes to be heard in a state other than North Carolina, <u>see</u> N.C. Gen. Stat. § 22B-3, and has remained otherwise valid precedent, <u>see</u> <u>Sec. Credit Leasing, Inc.</u> v. <u>D.J.'s of</u> <u>Salisbury, Inc.</u>, 537 S.E.2d 227, 232 (N.C. App. 2000).

and to exclude only certain of its provisions.  Anyway, RRB does not dispute that its suit falls within the terms of the forum selection clause.

Rather, RRB's position is that the clause, although applicable by its terms, is invalid.  This in turn brings us to the third question under Bremen, which is whether there is some reason the presumption of enforceability should not apply; "the forum clause should control absent a strong showing that it should be set aside," Bremen, 407 U.S. at 15.  The Court has listed four grounds for finding a forum selection clause unenforceable:

> (1) the clause was the product of "fraud or overreaching," id. at 15;
>
> (2) "enforcement would be unreasonable and unjust," id.;
>
> (3) proceedings "in the contractual forum will be so gravely difficult and inconvenient that [the party challenging the clause] will for all practical purposes be deprived of his day in court," id. at 18; or
>
> (4) "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision," id. at 15.

See also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 632 (1985) (discussing Bremen's factors).

Three of the factors are easily put aside.  No fraudulent inducement is alleged.  Nor would enforcement be clearly unreasonable or unjust, as Conbraco is based in North Carolina, the agreement was executed in that state, and no suggestion is made

-6-

that the clause was inserted in bad faith. See Carnival Cruise
Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991) (discussing
fundamental fairness review).  Nothing suggests that North Carolina
is too burdensome a place for RRB to litigate or otherwise so
inappropriate as to deprive RRB of an effective forum.

Here, we are concerned with only the fourth factor: RRB
alleges that enforcing the agreement's forum selection clause and
compelling it to litigate in North Carolina would violate Puerto
Rico public policy as expressed in Law 21.  Law 21 protects an
"independent entrepreneur who establishes a sales representation
contract of an exclusive nature, with a principal or grantor, and
who is assigned a specific territory or market, within the
Commonwealth of Puerto Rico."  P.R. Laws Ann. tit. 10, § 279(a).[3]

Law 21 does reflect what Bremen calls "strong public
policy of the forum."  Its provisions pertain to "public order" and
"shall be liberally construed," P.R. Laws Ann. tit. 10, § 279g, and
it is modeled on the Puerto Rico Dealers Act of 1964, P.R. Laws
Ann. tit. 10, §§ 278-278e ("Law 75"), which provides similar
protections to distributors, Re-Ace, Inc. v. Wheeled Coach Indus.,
Inc., 363 F.3d 51, 57 (1st Cir. 2004), and has been held to embody
a "strong public policy" of Puerto Rico, A.M. Capen's Co., Inc. v.

_____

[3]Conbraco denies that RRB ever had such exclusive rights, but
on a motion to dismiss, we accept RRB's assertion that it had
effective exclusivity before the agreement was disavowed by
Conbraco.  AVX Corp. v. Cabot Corp., 424 F.3d 28, 29 (1st Cir.
2005).

<u>Am. Trading & Prod. Corp.</u>, 74 F.3d 317, 321 (1st Cir. 1996) (quoting <u>Medina & Medina</u> v. <u>Country Pride Foods, Ltd</u>, 858 F.2d 817, 820 (1st Cir. 1988)).

However, Law 21 does not by its terms forbid a <u>forum selection</u> clause but only a <u>choice of law</u> clause insofar as the latter would prevent Law 21's substantive protections from being given effect. <u>See</u> <u>Triangle Trading Co.</u> v. <u>Robroy Indus., Inc.</u>, 952 F. Supp. 75, 81 (D.P.R. 1997). Specifically, Law 21 states:

> The sales representation contracts referred to in this chapter shall be construed pursuant to, and shall be governed by the laws of the Commonwealth of Puerto Rico, and any stipulation to the contrary shall be null.

P.R. Laws Ann. tit. 10, § 279f. By contrast, Law 75, upon which Law 21 was modeled, <u>Re-Ace</u>, 363 F.3d at 57, includes both a prohibition on choice of law clauses <u>and</u> a prohibition on forum selection clauses.[4]

RRB argues that in this case the forum selection clause appears in the agreement under the heading "Limitations on Damages" and also includes a limitations on damages clause, a clause that RRB claims violates Law 21's damages provisions, P.R. Laws Ann. tit. 10, §§ 279c-279e. But the agreement states that the headings

---

[4]Law 75 provides: "Any stipulation that obligates a dealer to adjust, arbitrate or litigate any controversy that comes up regarding his dealer's contract outside of Puerto Rico, or under foreign law or rule of law, shall be likewise considered as violating the public policy set forth by this chapter and is therefore null and void." P.R. Laws Ann. tit. 10, § 278b-2.

are "for reference only and shall not be considered as substantive parts of this [a]greement," and the agreement also includes a severability clause quoted above providing that if a provision is held invalid, the rest of the agreement is preserved.

Alternatively, RRB argues that the forum selection clause is against Puerto Rico public policy because it chooses North Carolina as the designated forum, and--RRB claims--North Carolina law precludes North Carolina courts from assessing the merits of the contract termination under the laws of another state. This claim is not supported: none of the North Carolina provisions or precedents cited by RRB precludes a court in North Carolina from respecting Law 21 to the extent that its terms would apply to the present dispute.

RRB relies on language in North Carolina's statute on contracts against public policy, which states that "any provision in a contract entered into in North Carolina that requires the prosecution of any action . . . that arises from the contract to be instituted or heard in another state is against public policy and is void and unenforceable." N.C. Gen. Stat. § 22B-3. But this is a limitation on <u>forum selection</u> clauses that send North Carolina contracts to other jurisdictions. See <u>Hickox</u> v. <u>R&G Group Int'l, Inc.</u>, 588 S.E.2d 566, 568 (N.C. App. 2003).

RRB also discusses N.C. Gen. Stat. § 22B-2, which prohibits choice of law and forum selection clauses in any contract

"for the improvement of real property in [North Carolina], or providing of materials therefor," and cites a judicial decision interpreting the statute, Price & Price Mech. of N.C., Inc. v. Miken Corp., 661 S.E.2d 775 (N.C. App. 2008). But this statute likewise has nothing to do with the agreement, which does not involve real property. Neither does a provision of the North Carolina Sales Representatives Act governing waivers of that statute, N.C. Gen. Stat. § 66-190 et seq., which RRB cites but does not discuss.

Although the agreement contains a choice of law clause specifying North Carolina law, "North Carolina will not honor a choice-of-law provision if the law of the chosen state is contrary to the fundamental policy of a state possessing a greater interest in the issue than the chosen state." Volvo Trademark Holding Aktiebolaget v. Clark Machinery Co., 510 F.3d 474, 479 (4th Cir. 2007) (quoting Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., 386 F.3d 581, 607 (4th Cir. 2004)); see also Cable Tel Servs., Inc. v. Overland Contracting, Inc., 574 S.E.2d 31, 33-34 (N.C. App. 2002). Thus, nothing prevents a court sitting in North Carolina from honoring Law 21 to the extent it would otherwise apply.

The possibility remains that a North Carolina state court might decide not to respect Puerto Rico's asserted interest in regulating the relationship of the parties in accord with Law 21. If so, a federal district court in North Carolina would arguably be

-10-

bound under <u>Klaxon Co.</u> v. <u>Stentor Elec. Mfg. Co. Inc.</u>, 313 U.S. 487, 496 (1941), to reach the same result. But RRB makes no argument to show that this outcome is likely. It merely says that the agreement requires North Carolina substantive law to apply, and this, as we have shown, is not necessarily the law that a North Carolina court would find applicable.

Finally, RRB asserts that the district court found that the agreement's choice of law provision would be respected by the North Carolina courts. An ambiguous sentence in the court's decision could be so read. But no such ruling was made by the magistrate judge whose recommendation was adopted by the district court, nor was it necessary to the district court's result. We read the district court's holding as limited to the validity of the forum selection clause and affirm solely on that issue.

In sum, substantive issues as to choice of law, as well as the merits of the contract termination controversy, are to be resolved in the forum chosen by the parties. The forum selection clause in the agreement fixes North Carolina as the forum, and the forum selection clause is not forbidden by Law 21.

<u>Affirmed.</u>